1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
3  MARK L. KROTOSKI (CSBN 138549)
   Chief, Criminal Division
4
   STEPHANIE M. HINDS (CSBN 154284)
5  Assistant United States Attorney

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-6816
      Facsimile: (4150 436-6748

8  Attorneys for Plaintiff

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                      SAN FRANCISCO DIVISION

12
   UNITED STATES OF AMERICA,           )    No. C 06-4675 PJH
13                                     )
         Plaintiff,                    )
14                                     )
         v.                            )    STATUS CONFERENCE STATEMENT;
15                                     )    REQUEST FOR CONTINUANCE OF CASE
   APPROXIMATELY 360,804 POUNDS OF     )    MANAGEMENT CONFERENCE
16 VIETNAMESE SUTCHI CATFISH,          )    AND ORDER
                                       )
17       Defendants.                   )

18
        The parties jointly submit this brief status conference statement to advise the Court of the
19
   current status of this matter.
20
        As the Court is aware, this case arises from a criminal investigation being conducted by
21
   the United States Department of Commerce National Oceanic and Atmospheric Administration's
22
   Fisheries Service Office of Law Enforcement (NOAA-OLE), United States Immigration and
23
   Customs Enforcement (ICE) and United States Food and Drug Administration (FDA) concerning
24
   alleged violations of federal import and environmental laws. The government seized the fish at
25
   issue and subjected it to various tests. According to the government, those tests and other
26
   evidence obtained during the course of the investigation demonstrate that the fish was falsely
27
   labeled and illegally imported into the United States in an attempt to avoid anti-dumping duties
28

STATUS CONFERENCE STATEMENT
[C 06-4202 PJH]                                                                              *1*

1  and illegally transported throughout the United States, both in violation of the Lacey Act (16
2  U.S.C. 3372(a) and (d)). The government contends that the fish is thus subject to forfeiture
3  under 16 U.S.C. 3374(a)(1), 18 U.S.C. 545, and 19 U.S.C. 1595(a). Additionally, the
4  government contends that the testing revealed that 17 of the 20 lots of seized fish contain
5  malachite green – a carcinogenic veterinary aquaculture antibiotic that is unsafe for domestic
6  consumption. The presence of malachite green subjects the fish to seizure and condemnation by
7  the FDA and separately prohibits the re-exportation of the seized fish to Vietnam.
8        Claimants dispute all of the government's factual allegations at this time.
9        At the first calling of this case, the parties submitted a case management conference
10 statement which identified the primary factual and legal matters at issue in this case. At that time
11 and at a subsequent hearing, the parties also discussed their opposing views about whether this
12 civil case should be stayed, pursuant to Title 18, United States Code, Section 981(g). The
13 government advised that it sought a stay of the civil case, in particular civil discovery, in order to
14 preserve the government's ability to conduct its ongoing related criminal investigation.
15 Claimants initially opposed the stay, but eventually agreed to a stay of discovery until the next
16 calling of the case. The Court thus issued an order staying the matter until April 19, 2007.
17       In our discussions in connection with the preparation of this status conference statement,
18 the government advised claimants' counsel that the underlying criminal investigation is still
19 ongoing. The government further advised that in light of the ongoing investigation, it would
20 renew its request for a further stay of this action, in particular any discovery. The government
21 further indicated that it would need some additional time (approximately 10 days to 2 weeks) to
22 get a formal motion on file request a stay supported by an affidavit filed ex parte and under seal
23 advising the Court of the status of the criminal investigation.
24       Claimants oppose a further stay of discovery on the issue for the delay in initiating this
25 forfeiture action, but are amenable to a continuance of the case management conference in order
26 for the government to get a formal motion on file requesting a further stay of this action.
27       Should the Court continue the case management conference, the parties agree that the
28 case management conference can be continued to May 17, 2007. The parties' request for this

1  date is due in part to the unavailability of claimants' counsel from April 25 to 29, and
2  government counsel from May 7 to 11, both for business travel.

                        Respectfully submitted,

Dated: April 12, 2007

STEPHANIE M. HINDS
Assistant United States Attorney

Dated: April 12, 2007

DOUGLAS J. BEHR
LESLIE KRASNY
Counsel for Claimants

4/13/07

*IT IS SO ORDERED*
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA